**Julio Cesar MONTES–ALVA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–72850.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.

Filed Oct. 13, 2009.

Robert Francis Jacobs, Esquire, Jacobs & Vega, PLC, Santa Fe Springs, CA, for Petitioner.

David V. Bernal, Assistant Director, Jennifer Paisner Williams, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MEMORANDUM *

Julio Cesar Montes–Alva, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

Montes–Alva argues that the IJ applied the incorrect legal standard to cancellation of removal application by failing to consider all the hardship factors in the aggregate. The record belies this contention. Because the IJ applied the correct legal standard, we lack jurisdiction to review the IJ's discretionary determination that Montes–Alva is not entitled to cancellation of removal. *See Mendez–Castro v. Mukasey,* 552 F.3d 975, 978–80 (9th Cir.2009).

Montes–Alva's equal protection claim is foreclosed by *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002) ("[L]ine-drawing decisions made by Congress or the President in the context of immigration and naturalization must be upheld if they are rationally related to a legitimate government purpose.") (internal quotation marks and citation omitted).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**